**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

GREGORY L. REYES,
5510 West Dry Creek Road
Manhattan, MT 59741

Plaintiff,

v.

JEFF SESSIONS, in his official capacity as Attorney General of the United States,
950 Pennsylvania Avenue, N.W.,
Washington, D.C. 20530

and

THOMAS E. BRANDON, in his official capacity as the Acting Director of the Bureau of Alcohol, Tobacco, Firearms and Explosives,
99 New York Avenue, N.E.,
Washington, D.C. 20226,

Defendants.

Civil Action No. 17-cv-1643

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

Now comes Plaintiff, Gregory L. Reyes, by and through undersigned counsel, and complains of Defendants as follows:

**INTRODUCTION AND SUMMARY OF ACTION**

1. Plaintiff challenges the complete denial under Section 922 of Title 18 of the U.S. Code of Plaintiff's Second Amendment right to keep and bear arms solely and exclusively on account of his 2010 convictions for federal securities and accounting offenses.

2. Section 922(g)(1) prohibits firearm possession by "any person . . . who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year." *See also* 27 C.F.R. § 478.32(a)(1).

3. Section 922(d)(1) prohibits anyone from transferring firearms or ammunition to any transferee whom the transferor has reason to know was convicted of "a crime punishable by imprisonment for a term exceeding one year." *See also* 27 C.F.R. § 478.32(a)(1).

4. Plaintiff asserts four alternative grounds for relief. First, Section 921(a)(20)(A) of Title 18 provides that a " 'crime punishable by imprisonment for a term exceeding one year' does not include . . . any Federal or State offenses pertaining to antitrust violations, unfair trade practices, restraints of trade, or other similar offenses relating to the regulation of business practices." *See also* 27 C.F.R. § 478.11. The securities and accounting offenses of which Plaintiff was convicted fall within Section 921(a)(20)(A)'s exception for offenses related to the regulation of business practices similar to the listed offenses. Plaintiff seeks from the Court a declaration that Section 922(g)(1) and Section 922(d)(1) do not apply to bar him from acquiring and possessing a firearm and entry of an order permanently enjoining Defendants from enforcing Section 922(g)(1) and Section 922(d)(1) against him.

5. Second, if the Court holds that the securities and accounting offenses of which Plaintiff was convicted are not excluded by Section 921(a)(20)(A) from the predicate offenses triggering Section 922(g)(1)'s and Section 922(d)(1)'s prohibitions on firearms acquisition and possession, Plaintiff seeks a declaration that the statutory scheme creates an impermissible distinction between federal offenders who are prohibited and federal offenders who are not prohibited under Section 922(g)(1) and Section 922(d)(1) from exercising their fundamental constitutional right to keep and bear arms, in violation of the equal protection component of the Fifth Amendment to the United States Constitution. The individual right to keep and bear arms is fundamental and discriminatory governmental classifications restricting the exercise of fundamental rights must be subjected to heightened judicial scrutiny. As applied to Plaintiff,

Section 922(g)(1) and Section 922(d)(1) fail to meet this hurdle because the securities and accounting offenses of which he was convicted do not involve any violence or force, or any threat of violence or force, and his convictions provide no evidence or indication that he has any greater propensity for violence, or that he otherwise poses any greater risk to public safety, than a typical person convicted of any of the offenses excluded by Section 921(a)(20)(A) from the predicate offenses triggering Section 922(g)(1)'s and Section 922(d)(1)'s prohibitions on firearms acquisition and possession. Plaintiff is therefore entitled to a permanent injunction barring Defendants from enforcing Section 922(g)(1) and Section 922(d)(1) against him.

6. Third, if the Court holds that the securities and accounting offenses of which Plaintiff was convicted are not excluded by Section 921(a)(20)(A) from the predicate offenses triggering Section 922(g)(1)'s and Section 922(d)(1)'s prohibitions on firearms acquisition and possession, Plaintiff seeks a declaration that the statutory scheme creates an impermissible distinction between citizens who are prohibited and citizens who are not prohibited under Section 922(g)(1) and Section 922(d)(1) from exercising their fundamental constitutional right to keep and bear arms, in violation of the equal protection component of the Fifth Amendment to the United States Constitution. The individual right to keep and bear arms is fundamental and discriminatory governmental classifications restricting the exercise of fundamental rights must be subjected to heightened judicial scrutiny. As applied to Plaintiff, Section 922(g)(1) and Section 922(d)(1) fail to meet this hurdle because the securities and accounting offenses of which he was convicted do not involve any violence or force, or any threat of violence or force, and his convictions provide no evidence or indication that he has any greater propensity for violence, or that he otherwise poses any greater risk to public safety, than a typical law-abiding citizen. Plaintiff is therefore entitled to

a permanent injunction barring Defendants from enforcing Section 922(g)(1) and Section 922(d)(1) against him.

7. Fourth, if the Court holds that the securities and accounting offenses of which Plaintiff was convicted are not excluded by Section 921(a)(20)(A) from the predicate offenses triggering Section 922(g)(1)'s and Section 922(d)(1)'s prohibitions on firearms acquisition and possession, Plaintiff seeks a declaration that, as applied to him, Section 922(g)(1) and Section 922(d)(1) violate the Second Amendment to the United States Constitution by denying his fundamental, individual right to keep and bear arms. The Supreme Court has made clear that restrictions on the individual right to keep and bear arms must be subjected to heightened judicial scrutiny. As applied to Plaintiff, Section 922(g)(1) and Section 922(d)(1) fail to meet this hurdle because the securities and accounting offenses of which he was convicted do not involve any violence or force, or any threat of violence or force, and his convictions provide no evidence or indication that he has any greater propensity for violence or that he otherwise poses any greater risk to public safety than a typical law-abiding citizen. Plaintiff is therefore entitled to a permanent injunction barring Defendants from enforcing Section 922(g)(1) and Section 922(d)(1) against him.

**JURISDICTION AND VENUE**

8. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 2201, and 2202.

9. Venue lies in this Court pursuant to 28 U.S.C. § 1391(e)(1)(A), as Defendants reside in this district.

**THE PARTIES**

10. Plaintiff, Gregory L. Reyes, is a natural person and citizen of the State of Montana and of the United States, residing in the Town of Manhattan in Gallatin County, Montana. Mr.

Reyes desires to purchase and possess firearms for defense of both himself and his family, and for hunting, but is prevented from doing so only by Sections 922(d)(1) and 922(g)(1) and the implementing regulations promulgated and enforced by Defendants.

11. Defendant Jeff Sessions is the Attorney General of the United States and is sued in his official capacity. As Attorney General, Defendant Sessions is responsible for executing and administering the laws of the United States, including Sections 922(d)(1) and (g)(1) and their implementing regulations.

12. Defendant Thomas E. Brandon is the Acting Director of the Bureau of Alcohol, Tobacco, Firearms and Explosives ("BATFE") and is sued in his official capacity. As Acting Director of BATFE, Defendant Brandon is responsible for executing and administering firearms laws of the United States, including Section 922(d)(1) and (g)(1) and their implementing regulations.

## FACTUAL ALLEGATIONS

### The 2010 Convictions

13. From 1998 to 2005, Plaintiff was the Chief Executive Officer of Brocade Communication Systems, Inc. ("Brocade").

14. Brocade is a San Jose, California-based company engaged in the high-tech business of developing and selling network equipment and providing networking solutions.

15. In 1998, because of the competitive demand for highly qualified information technology personnel in the Silicon Valley, Brocade began offering stock options to attract new personnel and to reward valued employees. Brocade engaged in the practice of "backdating" the options, i.e., recording the grant date of an option as occurring on a date earlier than the actual date of the grant. Although such backdating is not illegal, an accounting convention referred to as Accounting Principles Board Opinion No. 25 ("APB25"), promulgated in 1972 by the Accounting

Principles Board ("APB") of the American Institute of Certified Public Accountants, required that the benefit derived by the employees from such backdated stock options be recorded on the corporate books as a non-cash compensation expense to the corporation. The options issued by Brocade were not recorded in the corporate books in conformity with APB25.

16. On August 10, 2006, although the disclosure rule of APB 25 had been superseded in its entirety in 2005 by an APB standard with which Brocade's accounting practices pertaining to the backdating of options fully complied, the Government nevertheless charged Plaintiff with securities fraud, falsification of corporate books and records, conspiracy, and violating related statutes and regulations. This represented the first such prosecution to go before a jury.

17. On March 26, 2010, Plaintiff was convicted of securities fraud and making false filings with the Securities and Exchange Commission ("SEC") in violation of 15 U.S.C. §§ 78j(b) and 78ff, and 17 C.F.R. § 240.10b-5; falsifying corporate books and records in violation of 15 U.S.C. §§ 78m(b)(2)(A) and 78ff, and 17 C.F.R. § 240.13b2-1; and making false comments to auditors in violation of 15 U.S.C. § 78ff and 17 C.F.R. § 240.13b2-2. He was acquitted of the conspiracy charge under 18 U.S.C. § 371.

18. An element of each of these offenses is that the misstatements made are material. To establish materiality "there must be a substantial likelihood that the disclosure of the omitted fact would have been viewed by the reasonable investor as having significantly altered the 'total mix' of information made available." *Basic, Inc. v. Levinson*, 485 U.S. 224, 231–32 (1988). *See also United States v. Reyes*, 577 F.3d 1069, 1075 (9th Cir. 2009) ("To be material, there must be a substantial likelihood that the disclosure of the omitted fact would have been viewed by the reasonable investor as having altered the 'total mix' of information made available." (quotation marks omitted)); *United States v. Tarallo*, 380 F.3d 1174, 1182 (9th Cir. 2004) ("For securities

fraud, a statement is material if there is a substantial likelihood that a reasonable investor would consider it important in making a decision.").

19. On June 24, 2010, Plaintiff was sentenced to serve 18 months in prison and to pay a $15 million fine.

20. Plaintiff paid his fine and served his sentence at Taft Correctional Institute in Taft, California, and was released on probation on December 29, 2011. He successfully completed his period of supervised release on December 28, 2013. He has completed the sentence for his offenses, in full. He has never been charged with another crime.

**The Statutory Scheme**

21. Section 922(g)(1) of Title 18 of the U.S. Code prohibits any person who has been convicted of "a crime punishable by imprisonment for a term exceeding one year" from possessing a firearm that has been transported in or affected interstate commerce. *See also* 27 C.F.R. § 478.32(a)(1).

22. Violation of this provision is a felony offense punishable by a prison sentence of up to ten years. 18 U.S.C. § 924(a)(2).

23. Section 921(a)(20) of Title 18 of the U.S. Code provides that the term " 'crime punishable by imprisonment for a term exceeding one year' does not include . . . any Federal or State offenses pertaining to antitrust violations, unfair trade practices, restraints of trade, or other similar offenses relating to the regulation of business practices." 18 U.S.C. § 921(a)(20)(A). *See also* 27 C.F.R. § 478.11.

24. Section § 922(d)(1) of Title 18 of the U.S. Code prohibits anyone from transferring firearms or ammunition to any transferee whom the transferor has reason to know was convicted of "a crime punishable by imprisonment for a term exceeding one year." *See also* 27 C.F.R. §

478.32. A violation of this provision is a felony criminal offense punishable by a prison sentence of up to ten years. *See* 18 U.S.C. § 924(a)(2).

25. All firearms purchasers within the United States who do not possess a Federal Firearms License—that is, virtually all ordinary civilian consumers of firearms—must complete "Form 4473, Firearms Transaction Record Part I – Over-The-Counter," administered under Defendants' authority, in order to purchase a firearm. 27 C.F.R. § 478.124. Question 11(c) on Form 4473 asks:

> Have you ever been convicted in any court of a felony, or any other crime for which the judge could have imprisoned you for more than one year, even if you received a shorter sentence including probation?[1]

26. Defendants instruct firearm dealers not to sell firearms to anyone who answers "yes" to this question. Indeed, Defendants instruct firearm dealers to refrain from even running a background check on anyone who answers yes to this question, and to deny the transaction solely on the basis of that answer: "If a prospective purchaser answered 'yes' to any of the questions on the ATF Form 4473 (other than questions 9 a. and 9 l. of the 10/98 edition), you should not contact the [National Criminal Background Check Service ("NICS")] because the subject is prohibited from purchasing."[2]

---

[1] U.S. DEP'T OF JUSTICE, BUREAU OF ALCOHOL, TOBACCO, FIREARMS AND EXPLOSIVES, ATF E-Form 4473 (Oct. 2016), https://goo.gl/ENPJf1

[2] BATFE, FFL Newsletter Issue I 14, (May 2001), *available at* https://goo.gl/UeBF2R. *See also* BATFE, FFL Newsletter Issue II 2 (Sept. 1999), *available at* https://goo.gl/Q52Shz ("If the prospective purchaser answers 'yes' to any of the questions [regarding eligibility to possess firearms], the licensee has reasonable cause to believe that the transferee is prohibited. Accordingly, the transfer of a firearm to such a person would be in violation of Federal law. This is true regardless of whether the licensee received an [sic] 'proceed' or 'denied' response from NICS. In fact, there is no reason for the licensee to even contact NICS after a person indicates on the Form 4473 that he or she is prohibited from receiving firearms. The licensee should simply advise the prospective purchaser that the firearm may not be transferred.").

27. Under the laws of the State of Montana, the right to acquire and possess firearms is denied to a person convicted of a crime for which the offender could have been imprisoned for more than one year, but once the offender's period of imprisonment and state supervision has ended, the offender's Second Amendment rights are restored provided that the offender was not convicted of a crime the commission of which involved the use of a firearm. Plaintiff is therefore free under Montana law to acquire and possess firearms.

**The Infringement of Plaintiff's Second Amendment Rights**

28. Plaintiff desires to acquire and to possess firearms that have travelled in or affect interstate commerce. He desires to acquire and possess such firearms for defense of himself and his family and for hunting.

29. As a result solely and exclusively of his March 26, 2010, federal convictions, Plaintiff is prohibited from acquiring and possessing a firearm, based on Defendants' interpretation and enforcement of Section 921(a)(20)(A), Section 922(d)(1), and Section 922(g)(1) and of the corresponding federal regulations.

30. Plaintiff refrains from attempting to acquire a firearm from a licensed dealer only because doing so would be futile given Section 922(d)(1) and because, were he successful, he would be subject to arrest, prosecution, incarceration, and fine, at Defendants' instigation and direction, for violating Section 922(g)(1).

31. Plaintiff cannot lawfully state on Form 4473 that he has not been convicted of a crime punishable by imprisonment for over one year. Were Plaintiff to state on Form 4473 that he has been convicted of such a crime, any firearms dealer licensed by the federal government who complies with Defendants' directives would refuse to sell a firearm to Plaintiff.

32. Indeed, in August 2017, Plaintiff discussed his desire to purchase a handgun with two different firearms merchants. Upon disclosing that he had been convicted of a white collar federal felony, he was informed by both merchants that federal law prohibits the sale of a firearm to felons and that if he checked the box on the background check form indicating that he has been convicted of a felony, the sale would be cancelled. As a result, Plaintiff did not attempt to purchase a firearm because doing so would have been futile, and would have subjected him to potential criminal prosecution.

33. Plaintiff refrains from acquiring a firearm from a private party because doing so would subject him to arrest, prosecution, fine, and incarceration, at Defendants' instigation and direction, for violating Section 922(g)(1).

34. Plaintiff is thus suffering, currently and on a continuing basis, the injury of being unable to exercise his Second Amendment right to obtain firearms from licensed federal firearms dealers and/or private parties, which firearms Plaintiff would obtain, and possess, but for Defendants' interpretation and enforcement of Sections 921(a)(20)(A), 922(g)(1), and 922(d)(1).

**COUNT ONE**
**<u>INTERPRETATION OF SECTIONS 921(a)(20)(A), 922(g)(1), AND 922(d)(1)</u>**

35. The allegations of paragraphs 1 through 34 are incorporated as though fully set forth herein.

36. Plaintiff's federal convictions for securities and accounting offenses cannot be the predicate offenses for the firearms disability under Section 922(g)(1) and Section 922(d)(1) because those convictions were for offenses relating to the regulation of business practices similar to the "Federal or State offenses pertaining antitrust violations, unfair trade practices, restraints of trade, or other similar offenses relating to the regulation of business practices" and thus are excluded from Section 922(g)(1) and Section 922(d)(1) under Section 921(a)(20)(A).

37. Plaintiff is entitled to declaratory and injunctive relief barring Defendants from enforcing Section 922(g)(1) and Section 922(d)(1) against him on account of his convictions for securities fraud and making false filings with the SEC in violation of 15 U.S.C. §§ 78j(b) and 78ff, and 17 C.F.R. § 240.10b-5; falsifying corporate books and records in violation of 15 U.S.C. §§ 78m(b)(2)(A) and 78ff, and 17 C.F.R. § 240.13b2-1; and making false comments to auditors in violation of 15 U.S.C. § 78ff and 17 C.F.R. § 240.13b2-2.

**COUNT TWO**
**EQUAL PROTECTION OF LAW**

38. The allegations of paragraphs 1 through 34 are incorporated as though fully set forth herein.

39. If the securities and accounting offenses of which Plaintiff was convicted are not excluded by Section 921(a)(20)(A) from the predicate offenses triggering Section 922(g)(1)'s and Section 922(d)(1)'s prohibitions on firearms acquisition and possession, the statutory scheme creates an impermissible distinction between federal offenders who are prohibited and federal offenders who are not prohibited under Section 922(g)(1) and Section 922(d)(1) from exercising their fundamental constitutional right to keep and bear arms, in violation of the equal protection component of the Fifth Amendment to the United States Constitution.

40. The individual right to keep and bear arms is fundamental, and discriminatory governmental classifications restricting the exercise of fundamental rights must be subjected to heightened judicial scrutiny. As applied to Plaintiff, Section 922(g)(1) and Section 922(d)(1) fail to satisfy such scrutiny because the securities and accounting offenses of which he was convicted do not involve any violence or force, or any threat of violence or force, and his convictions provide no evidence or indication that he has any greater propensity for violence, or that he otherwise poses

any greater risk to public safety, than a typical person convicted of any of the offenses excluded by Section 921(a)(20)(A) from the predicate offenses triggering Section 922(g)(1)'s and Section 922(d)(1)'s prohibitions on firearms acquisition and possession.

41. If applicable to Plaintiff, Section 922(g)(1) and Section 922(d)(1) are unconstitutional as to him, and he is entitled to declaratory and injunctive relief barring Defendants from enforcing Section 922(g)(1) and Section 922(d)(1) against him on account of his convictions for securities fraud and making false filings with the SEC in violation of 15 U.S.C. §§ 78j(b) and 78ff, and 17 C.F.R. § 240.10b-5; falsifying corporate books and records in violation of 15 U.S.C. §§ 78m(b)(2)(A) and 78ff, and 17 C.F.R. § 240.13b2-1; and making false comments to auditors in violation of 15 U.S.C. § 78ff and 17 C.F.R. § 240.13b2-2.

**COUNT THREE**
**EQUAL PROTECTION OF LAW**

42. The allegations of paragraphs 1 through 34 are incorporated as though fully set forth herein.

43. If the securities and accounting offenses of which Plaintiff was convicted are not excluded by Section 921(a)(20)(A) from the predicate offenses triggering Section 922(g)(1)'s and Section 922(d)(1)'s prohibitions on firearms acquisition and possession, the statutory scheme creates an impermissible distinction between citizens who are prohibited and citizens who are not prohibited under Section 922(g)(1) and Section 922(d)(1) from exercising their fundamental constitutional right to keep and bear arms, in violation of the equal protection component of the Fifth Amendment to the United States Constitution.

44. The individual right to keep and bear arms is fundamental, and discriminatory governmental classifications restricting the exercise of fundamental rights must be subjected to heightened judicial scrutiny. As applied to Plaintiff, Section 922(g)(1) and Section 922(d)(1) fail

to satisfy such scrutiny because the securities and accounting offenses of which he was convicted do not involve any violence or force, or any threat of violence or force, and his convictions provide no evidence or indication that he has any greater propensity for violence, or that he otherwise poses any greater risk to public safety, than a typical law-abiding citizen.

45. If applicable to Plaintiff, Section 922(g)(1) and Section 922(d)(1) are unconstitutional as to him, and he is entitled to declaratory and injunctive relief barring Defendants from enforcing Section 922(g)(1) and Section 922(d)(1) against him on account of his convictions for securities fraud and making false filings with the SEC in violation of 15 U.S.C. §§ 78j(b) and 78ff, and 17 C.F.R. § 240.10b-5; falsifying corporate books and records in violation of 15 U.S.C. §§ 78m(b)(2)(A) and 78ff, and 17 C.F.R. § 240.13b2-1; and making false comments to auditors in violation of 15 U.S.C. § 78ff and 17 C.F.R. § 240.13b2-2.

**COUNT FOUR**
**SECOND AMENDMENT RIGHT TO KEEP AND BEAR ARMS**

46. The allegations of paragraphs 1 through 34 are incorporated as though fully set forth herein.

47. If the securities and accounting offenses of which Plaintiff was convicted are not excluded by Section 921(a)(20)(A) from the predicate offenses triggering Section 922(g)(1)'s and Section 922(d)(1)'s prohibitions on firearms acquisition and possession, Section 922(g)(1) and Section 922(d)(1) violate the Second Amendment to the United States Constitution by denying his fundamental, individual right to keep and bear arms.

48. Restrictions on the individual right to keep and bear arms must be subjected to heightened judicial scrutiny. As applied to Plaintiff, Section 922(g)(1) and Section 922(d)(1) fail to satisfy such scrutiny because the securities and accounting offenses of which he was convicted

do not involve any violence or force, or any threat of violence or force, and his convictions provide no evidence or indication that he has any greater propensity for violence or that he otherwise poses any greater risk to public safety than a typical law-abiding citizen.

49. If applicable to Plaintiff, Section 922(g)(1) and Section 922(d)(1) are unconstitutional as to him, and he is entitled to declaratory and injunctive relief barring Defendants from enforcing Section 922(g)(1) and Section 922(d)(1) against him on account of his convictions for securities fraud and making false filings with the SEC in violation of 15 U.S.C. §§ 78j(b) and 78ff, and 17 C.F.R. § 240.10b-5; falsifying corporate books and records in violation of 15 U.S.C. §§ 78m(b)(2)(A) and 78ff, and 17 C.F.R. § 240.13b2-1; and making false comments to auditors in violation of 15 U.S.C. § 78ff and 17 C.F.R. § 240.13b2-2.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests that judgment be entered in his favor and against Defendants as follows:

a. Declaratory relief to the effect that, pursuant to 18 U.S.C. § 921(a)(20)(A) and 27 C.F.R. § 478.11, the prohibitions of Section 922(g)(1) and Section 922(d)(1), and 27 C.F.R. § 478.32(a)(1) and 27 C.F.R. § 478.99(c)(1), do not apply to, and cannot be applied against, Plaintiff Gregory L. Reyes on account of his 2010 convictions for securities fraud and making false filings with the SEC in violation of 15 U.S.C. §§ 78j(b) and 78ff, and 17 C.F.R. § 240.10b-5; falsifying corporate books and records in violation of 15 U.S.C. §§ 78m(b)(2)(A) and 78ff, and 17 C.F.R. § 240.13b2-1; and making false comments to auditors in violation of 15 U.S.C. § 78ff and 17 C.F.R. § 240.13b2-2;

b. Declaratory relief to the effect Section 922(g)(1) and Section 922(d)(1), and 27 C.F.R. § 478.32(a)(1) and 27 C.F.R. § 478.99(c)(1), if and as applied to Plaintiff

Gregory L. Reyes, violate the equal protection component of the Fifth Amendment to the United States Constitution;

c. Declaratory relief to the effect that Section 922(g)(1) and Section 922(d)(1), and 27 C.F.R. § 478.32(a)(1) and 27 C.F.R. § 478.99(c)(1), if and as applied to Gregory L. Reyes, violate the Second Amendment to the United States Constitution;

d. An order permanently enjoining Defendants, their officers, agents, servants, employees, and all persons in active concert or participation with them who receive actual notice of the injunction, from enforcing Section 922(g)(1) and Section 922(d)(1), and 27 C.F.R. § 478.32(a)(1) and 27 C.F.R. § 478.99(c)(1), against Plaintiff Gregory L. Reyes on the basis of his 2010 convictions;

e. Costs of suit;

f. Attorney Fees and Costs pursuant to 28 U.S.C. § 2412; and

g. Any other further relief as the Court deems just and appropriate.

Date: August 14, 2017

Respectfully submitted,

s/ Charles J. Cooper
Charles J. Cooper (Bar No. 248070)
ccooper@cooperkirk.com
Peter A. Patterson (Bar No. 998668)
Harold S. Reeves (Bar No. 459022)
Davis Cooper (Bar No. 1034231)
COOPER & KIRK, PLLC
1523 New Hampshire Avenue, N.W.
Washington, D.C. 20036
(202) 220-9600
(202) 220-9601 (fax)