# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GREGORY L. REYES,<br><br>    Plaintiff,<br><br>v.<br><br>JEFFERSON B. SESSIONS III, in his official capacity as Attorney General of the United States, et al.,<br><br>    Defendants. | )<br>)<br>)<br>)  Civil Action No. 17-cv-1643 (JDB)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO FILE SURREPLY IN OPPOSITION TO MOTION TO DISMISS

### INTRODUCTION

There is no reason to permit Plaintiff to file an additional brief opposing Defendants' Motion to Dismiss. Defendants' reply did not raise any new arguments, but rather responded specifically to the arguments Plaintiff had raised in his opposition memorandum. That is the very purpose of a reply memorandum. Allowing the filing of a fourth brief accordingly would not promote the fair resolution of Defendants' motion. The Court should deny Plaintiff's request to file a surreply, and decide Defendants' motion based on the briefs the parties submitted in accordance with the local rules.

### ARGUMENT

The Local Civil Rules of this Court provide that three memoranda are allowed for any given motion: "(i) the movant's opening memorandum; (ii) the non-movant's opposition; and (iii) the movant's reply." *Glass v. LaHood*, 786 F. Supp. 2d 189, 230 (D.D.C. 2011). Additional

briefs such as surreplies "are generally disfavored, and the determination of whether to grant or deny leave is entrusted to the sound discretion of the district court. In exercising its discretion, the district court should consider whether the movant's reply in fact raises arguments or issues for the first time; whether the non-movant's proposed surreply would be helpful to the resolution of the pending motion; and whether the movant would be unduly prejudiced were leave to be granted." *Id.* at 231.

There is no reason to authorize further briefing here. Defendants' reply memorandum simply responded to the arguments that Plaintiff made in his opposition. Specifically, Plaintiff, in his opposition brief, contended that Congress had no rational basis to prohibit a securities felon from possessing a firearm, and incorrectly stated that "there is nothing in the nature of [Plaintiff's securities felonies] that shows – or even *suggests* – that he will misuse firearms," as compared to other business practice offenders. ECF No. 13 at 24-29.[1] Defendants' reply brief addressed this argument in turn, by pointing out that securities fraud has been tied to other offenses that threaten public safety, and offering as just one *example* the fact that Congress has acknowledged a connection between securities fraud and organized crime. ECF No. 15 at 22 (noting that securities fraud is included as a predicate offense under RICO). Plaintiff now argues that he should be permitted to file a surreply because "the Government did not offer this rationale in its Motion to Dismiss." ECF No. 16 at 1. To the contrary, Defendants' opening brief discussed at length Congress's bases for preventing securities felons from possessing firearms. ECF No. 10 at 22-28. While Defendants' opening memorandum did not expressly cite RICO or discuss organized crime *per se*, this further explication was offered in Defendants' reply only

---

[1] Plaintiff incredibly argues that there is no room for even doubt on this point, and suggests that "there is a stronger basis for barring a securities offender from possessing an abacus than from possessing a firearm." *Id.* at 28.

because of issues raised by Plaintiff's opposition.  *See Crummy v. SSA*, 794 F. Supp. 2d 46, 63 (D.D.C. 2011) (noting that when the new arguments presented in a reply fall "within the scope of the matters [the opposing party] raised in opposition," and the reply "does not expand the scope of the issues presented, leave to file a surreply will rarely be appropriate").  To the extent Plaintiff failed to recognize flaws in his opposition arguments, he nonetheless had a chance to say his piece on these issues in his opposition memorandum.[2]  Thus, hewing to this District's usual rules for motion practice will not put Plaintiff at an unfair disadvantage.  Conversely, allowing Plaintiff to file an additional brief would unduly prejudice Defendants, because it would allow Plaintiff to advance arguments he should have advanced earlier while denying Defendants a fair opportunity to respond.

Nor would permitting a surreply facilitate resolution of Defendants' motion.  Plaintiff's proposed surreply does not contain any new factual information, but rather consists only of additional legal argument.  The Court is certainly capable of ascertaining the legal bases for the parties' opposing arguments on its own.  *See Crummey*, 794 F. Supp. 2d at 63 ("[T]he Court is more than capable of ascertaining the merits of the parties['] respective positions on its own.").

Accordingly, the Court should deny Plaintiff's Motion for Leave to File a Surreply.  However, if the Court nevertheless allows a surreply, Defendants respectfully request permission to file a reply to the sur-reply.

DATED this 20th day of February 2018.

---

[2] Indeed, Plaintiff already filed a 45-page opposition in response to Defendants' 28-page opening brief.

Respectfully submitted,

CHAD A. READLER
Acting Assistant Attorney General
United States Department of Justice, Civil Division

JOHN R. TYLER
Assistant Branch Director
Federal Programs Branch

 /s/ Emily B. Nestler
EMILY B. NESTLER (D.C. Bar No. 973886)
Trial Attorney
United States Department of Justice, Civil Division,
Federal Programs Branch
20 Massachusetts Avenue NW
Washington, DC 20530
Tel: (202) 616-8489
Fax: (202) 616-8470
emily.b.nestler@usdoj.gov

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

      I hereby certify that on this 20th day of February 2018, I served the foregoing document on all counsel of record by filing it via CM/ECF in accordance with the Local Rules.

Executed on February 20, 2018, in Washington, D.C.

                /s/ *Emily B. Nestler*
                Emily B. Nestler